■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAKIR ABU HAMMPUD, Appellant.—Judgment, Supreme Court, New York County (William Davis, J.), rendered July 16, 1986, convicting defendant, after a jury trial, of assault in the first degree, unanimously affirmed.

Following remand by this court, a hearing on defendant's motion to dismiss the indictment for lack of a speedy trial,

pursuant to CPL 30.30, was held by Supreme Court, which adhered to its prior decision denying defendant's motion. The issue is whether remand for a hearing was argued in the briefs previously filed and rejected by this court *(People v Hammpud,* 147 AD2d 416 [1st Dept 1989]). The papers submitted by the parties upon remand were sufficient for determination of the motion without a full-blown evidentiary hearing, inasmuch as the parties essentially agree on the reasons for the adjournment and only disagree on whether these periods were properly excluded from the 184-day statutory limit. We agree with Supreme Court's conclusion that the adjournments requested by the People for purposes of determining whether the victim of the crime would be able to testify were properly excluded (CPL 30.30 [4] [g]).

We have reviewed defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Milonas and Ellerin, JJ.